UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WOW FURNITURE OUTLET INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:21-cv-4879 |
| AMGUARD INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Wow Furniture Outlet Inc., by its undersigned attorneys, for its Complaint against Defendant, AmGUARD Insurance Company, states:

## FACTS

1. Plaintiff, Wow Furniture Outlet Inc. ("Wow Furniture"), is an Illinois corporation and is the owner of the commercial building located at 1757 East West Road in Calumet City, Illinois out of which it operates a furniture store ("the furniture store").

2. Defendant, AmGUARD Insurance Company ("AmGUARD"), is a citizen of Pennsylvania, being a Pennsylvania corporation with its principal place of business in Wilkes-Barre, Pennsylvania.

3. This Court has subject matter jurisdiction over this matter pursuant to Title 28, U.S.C. § 1332(c)(1) because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court pursuant to Title 28, U.S.C. § 1391 because the events giving rise to its claims occurred in this judicial district. Additionally, AmGUARD does business and/or transacts business in this judicial district and, therefore, it is subject to personal jurisdiction in this judicial district and resides here for venue purposes.

5. AmGUARD issued to Wow Furniture a businessowners insurance policy effective June 22, 2019 to June 22, 2020 ("the insurance policy"), a copy of which is attached to this Complaint as Exhibit A.

6. Under the insurance policy, AmGUARD insured Wow Furniture for direct physical loss of or damage to its business personal property located in the furniture store caused by vandalism and looting.

7. On May 31, 2020, while the insurance policy was in full force and effect, the furniture store was vandalized and looted ("the loss").

8. Wow Furniture duly submitted a claim to AmGUARD for benefits under the insurance policy.

## COUNT I
### (Breach of Contract)

9. Wow Furniture re-alleges paragraphs 1 through 8 of the Facts of the Complaint as paragraph 9 of count I of the Complaint.

10. Wow Furniture has substantially performed all post-loss conditions by the insurance policy to be performed by it, requested of it, and/or not waived by AmGUARD including, but not limited to (a) giving prompt notice of the loss, (b) cooperating the AmGUARD in its investigation of the loss and the subsequent claim, (c) providing AmGUARD with its loss inventory, and (d) timely filing suit against AmGUARD.

11. Although requested to do so, AmGUARD has failed and refused to pay the loss, which failure and refusal constitutes a breach of the insurance policy.

12. This breach of the insurance contract was and is the direct and proximate cause of damages to Wow Furniture in an amount in excess of $75,000.

13. This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, Plaintiff is entitled to prejudgment interest.

Wherefore, Plaintiff, Wow Furniture Outlet Inc., requests that this Court enter judgment in its favor and against Defendant, AmGUARD Insurance Company, in an amount in excess of $75,000 plus prejudgment interest.

## **COUNT II**
**(Section 155 Relief)**

14. Wow Furniture re-allege paragraphs 1 through 12 of count I of the Complaint as paragraph 14 of count II of the Complaint.

15. As of the time of the loss, AmGUARD's internal claim handling policies, practices, and procedures included compliance with Part 919 of the Illinois Administrative Code and compliance with sections 154.5 and 154.6 of the Illinois Insurance Code.

16. Wow Furniture is entitled to an award of taxable costs under section 155 of the Illinois Insurance Code by virtue of AmGUARD engaging in the following vexatious and unreasonable conduct:

(a) failing to pay Wow Furniture amounts due under the insurance policy within 40 days of the loss, which constitutes an unreasonable delay in paying the claim as a matter of law, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(A) of the Illinois Administrative Code;

(b) failing to provide Wow Furniture with a reasonable written explanation for the delay in resolving its claim, after the claim remained unresolved for more than 75 days after it notified AmGUARD of the loss, in violation of the regulations promulgated by the Illinois Director of Insurance within Section 919.80(d)(7)(B) of the Illinois Administrative Code;

(c) failing to provide Wow Furniture with a reasonable written explanation for the delay in resolving its claim, in violation of section 154.6 of the Illinois Insurance Codes and the regulations promulgated by the Illinois Director of Insurance within Section 919 of the Illinois Administrative Code;

(d) failing to acknowledge with reasonable promptness pertinent communications from Wow Furniture's public adjuster regarding the claim, in violation of the regulations

      promulgated by the Illinois Director of Insurance within section 919.40 of the Illinois Administrative Code;

(e)     not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the claim, a claim in which liability was reasonably clear, in violation of section 154.6 of the Illinois Insurance Code and in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.50 of the Illinois Administrative Code;

(f)     failing to affirm or deny liability on the claim within a reasonable time, in violation of section 154.6(i) of the Illinois Insurance Code and in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.50(a) of Part 919 of the Illinois Administrative Code; and

(g)     failing to make a decision on the claim, thus forcing Wow Furniture to retain legal counsel to investigate the claim and to sue to recover the benefits that should have been immediately forthcoming under the insurance policy.

WHEREFORE, Plaintiff, Wow Furniture Outlet Inc., prays for an award of attorney fees and other taxable costs under section 155 of the Illinois Insurance Code in its favor and against Defendant, AmGUARD Insurance Company.

**Plaintiff Demands Trial by Jury.**

              /s/ Edward Eshoo, Jr.
              Edward Eshoo, Jr.
              Christina M. Phillips
              MERLIN LAW GROUP
              181 W. Madison Street, Suite 3475
              Chicago, Illinois 60602
              Telephone: (312) 260-0806
              Facsimile: (312) 260-0808
              eeshoo@merlinlawgroup.com
              cphillips@merlinlawgroup.com
              Attorneys for Plaintiffs