## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **WOW FURNITURE OUTLET INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:21-cv-4879** |
| | ) | |
| **AMGUARD INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## AMGUARD INSURANCE COMPANY'S
## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant, AmGuard Insurance Company ("AmGUARD"), by and through its attorneys, Cozen O'Connor, and for its Answer and Affirmative Defenses to the Complaint filed by Plaintiff, Wow Furniture Outlet, Inc. ("Plaintiff"), states as follows:

### FACTS

1.      Plaintiff, Wow Furniture Outlet Inc. ("Wow Furniture"), is an Illinois corporation and is the owner of the commercial building located at 1757 East West Road in Calumet City, Illinois out of which it operates a furniture store ("the furniture store").

**ANSWER**:      AmGUARD is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and, therefore, denies the allegations.

2.      Defendant, AmGUARD Insurance Company ("AmGUARD"), is a citizen of Pennsylvania, being a Pennsylvania corporation with its principal place of business in Wilkes-Barre, Pennsylvania.

**ANSWER**:      AmGUARD admits the allegation in paragraph 2.

3.      This Court has subject matter jurisdiction over this matter pursuant to Title 28, U.S.C. § 1332(c)(1) because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

**ANSWER**:      The allegations in paragraph 3 constitute legal conclusions to which no

response is required.

      4.      Venue is proper in this Court pursuant to Title 28, U.S.C. § 1391 because the events giving rise to its claims occurred in this judicial district. Additionally, AmGUARD does business and/or transacts business in this judicial district and, therefore, it is subject to personal jurisdiction in this judicial district and resides here for venue purposes.

      **ANSWER**:    The allegations in paragraph 4 constitute legal conclusions to which no response is required.

      5.      AmGUARD issued to Wow Furniture a businessowners insurance policy effective June 22, 2019 to June 22, 2020 ("the insurance policy"), a copy of which is attached to this Complaint as Exhibit A.

      **ANSWER**:    AmGUARD admits the allegations in paragraph 5.

      6.      Under the insurance policy, AmGUARD insured Wow Furniture for direct physical loss of or damage to its business personal property located in the furniture store caused by vandalism and looting.

      **ANSWER**:    AmGUARD admits it issued a Businessowner's Policy to Plaintiff, which provided Business Personal Property Coverage, subject to the Policy's terms and conditions. To the extent the remaining allegations in paragraph 6 constitute legal conclusions, no response is required.

      7.      On May 31, 2020, while the insurance policy was in full force and effect, the furniture store was vandalized and looted ("the loss").

      **ANSWER**:    AmGUARD admits the Businessowner's Policy issued to Plaintiff was in effect on May 31, 2020 and Plaintiff submitted a claim under the Policy based on alleged vandalism and looting. AmGUARD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7, including whether any vandalism and looting occurred and, therefore, denies the allegations.

      8.      Wow Furniture duly submitted a claim to AmGUARD for benefits under the insurance policy.

      **ANSWER**:    AmGUARD admits that Plaintiff submitted a claim under the Businessowner's Policy. To the extent the remaining allegations in paragraph 8 constitute legal

conclusions, no response is required.  Further responding, AmGUARD states that Plaintiff has failed to comply with the Policy's terms and conditions that are a requirement for coverage under the Policy.

<b><u>COUNT I</u></b><br><b>(Breach of Contract)</b>

9.      Wow Furniture re-alleges paragraphs 1 through 8 of the Facts of the Complaint as paragraph 9 of count I of the Complaint.

**ANSWER**:    AmGUARD re-states and incorporates its responses to paragraphs 1-8 as if set forth herein.

10.     Wow Furniture has substantially performed all post-loss conditions by the insurance policy to be performed by it, requested of it, and/or not waived by AmGUARD including, but not limited to (a) giving prompt notice of the loss, (b) cooperating the AmGUARD in its investigation of the loss and the subsequent claim, (c) providing AmGUARD with its loss inventory, and (d) timely filing suit against AmGUARD.

**ANSWER**:    AmGUARD denies the allegations in paragraph 10.

11.     Although requested to do so, AmGUARD has failed and refused to pay the loss, which failure and refusal constitutes a breach of the insurance policy.

**ANSWER**:    AmGUARD denies the allegations in paragraph 11.

12.     This breach of the insurance contract was and is the direct and proximate cause of damages to Wow Furniture in an amount in excess of $75,000.

**ANSWER**:    AmGUARD denies the allegations in paragraph 12.

13.     This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, Plaintiff is entitled to prejudgment interest.

**ANSWER**:    AmGUARD denies that Plaintiff is entitled to prejudgment interest.  The remaining allegations in paragraph 13 constitute legal conclusions to which no response is required.

<b><u>COUNT II</u></b><br><b>(Section 155 Relief)</b>

14.     Wow Furniture re-allege paragraphs 1 through 12 of count I of the Complaint as paragraph 14 of count II of the Complaint.

3

**ANSWER**:    AmGUARD re-states and incorporates its responses to paragraphs 1-13 as if set forth herein.

15.    As of the time of the loss, AmGUARD's internal claim handling policies, practices, and procedures included compliance with Part 919 of the Illinois Administrative Code and compliance with sections 154.5 and 154.6 of the Illinois Insurance Code.

**ANSWER**:    The allegations in paragraph 15 constitute legal conclusions to which no response is required.

16.    Wow Furniture is entitled to an award of taxable costs under section 155 of the Illinois Insurance Code by virtue of AmGUARD engaging in the following vexatious and unreasonable conduct:

    (a)    failing to pay Wow Furniture amounts due under the insurance policy within 40 days of the loss, which constitutes an unreasonable delay in paying the claim as a matter of law, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(A) of the Illinois Administrative Code;

    (b)    failing to provide Wow Furniture with a reasonable written explanation for the delay in resolving its claim, after the claim remained unresolved for more than 75 days after it notified AmGUARD of the loss, in violation of the regulations promulgated by the Illinois Director of Insurance within Section 919.80(d)(7)(B) of the Illinois Administrative Code;

    (c)    failing to provide Wow Furniture with a reasonable written explanation for the delay in resolving its claim, in violation of section 154.6 of the Illinois Insurance Codes and the regulations promulgated by the Illinois Director of Insurance within Section 919 of the Illinois Administrative Code;

    (d)    failing to acknowledge with reasonable promptness pertinent communications from Wow Furniture's public adjuster regarding the claim, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.40 of the Illinois Administrative Code;

    (e)    not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the claim, a claim in which liability was reasonably clear, in violation of section 154.6 of the Illinois Insurance Code and in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.50 of the Illinois Administrative Code;

    (f)    failing to affirm or deny liability on the claim within a reasonable time, in violation of section 154.6(i) of the Illinois Insurance Code and in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.50(a) of Part 919 of the Illinois Administrative Code; and

(g) failing to make a decision on the claim, thus forcing Wow Furniture to retain legal counsel to investigate the claim and to sue to recover the benefits that should have been immediately forthcoming under the insurance policy.

**ANSWER**: AmGUARD denies the allegations in paragraph 16 and subparagraphs16(a)-(g).

WHEREFORE, AmGUARD denies that Plaintiff is entitled to damages in any amount and respectfully demands that the lawsuit be dismissed with prejudice.

<strong><u>AFFIRMATIVE DEFENSES</u></strong>

<strong><u>FIRST AFFIRMATIVE DEFENSE</u></strong>

Plaintiff's Complaint fails to state a claim upon which relief can be granted because Plaintiff has failed to satisfy its obligations under the Policy, including its failure to comply with the Duties in the Event of Loss or Damage condition in the Policy.

The Duties in the Event of Loss or Damage condition in the Policy states as follows:

a. You must see that the following are done in the event of loss or damage to Covered Property:

(1) Notify the police if a law may have been broken.

(2) Give us prompt notice of the loss or damage. Include a description of the property involved.

(3) As soon as possible, give us a description of how, when and where the loss or damage occurred.

(4) Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limits of Insurance of Section I – Property. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

(5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

(6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

5

Also permit us to take samples of dam-aged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

(7)    Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

(8)    Cooperate with us in the investigation or settlement of the claim.

(9)    Resume all or part of your "operations" as quickly as possible.

b.    We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

Plaintiff has failed to comply with this condition as Plaintiff failed to provide AmGUARD with an inventory of damaged property, including supporting documentation, and a signed, sworn proof of loss. Plaintiff has also failed to cooperate with AmGUARD in its investigation of the claim and submit to an examination under oath.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the terms and conditions of the Policy, including but not limited to the Duties in the Event of Loss or Damage provision.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because AmGUARD complied with all applicable laws, statutes, regulations and standards in reasonably and in good faith adjusting Plaintiff's claim.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Section 155 claim is barred because AmGUARD acted reasonably and in good faith at all times.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Section 155 claim is also barred because there is a bona fide dispute as to the

coverage available under the Policy and a bona fide factual dispute as to whether Plaintiff has complied with its obligations under the Policy, including submitting a complete inventory of the damaged property, sending a signed, sworn proof of loss, presenting for an examination under oath and cooperating with AmGUARD in its investigation.

**SIXTH AFFIRMATIVE DEFENSE**

AmGUARD reserves the right to interpose additional defenses as it deems necessary and appropriate.

WHEREFORE, AmGUARD denies that Plaintiff is entitled to damages in any amount and respectfully demands that the lawsuit be dismissed with prejudice.

Dated: November 23, 2021                                        Respectfully Submitted,


By:  _/s/ Wendy N. Enerson_____
        *Attorney for AmGUARD Insurance Company*


Wendy N. Enerson, ARDC No. 6272377
Amber C. Coisman, ARDC No. 6281201
COZEN O'CONNOR
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
Tel: 312.382.3100
Fax: 312.706.5085

**CERTIFICATE OF SERVICE**

       The undersigned attorney certifies that on **November 23, 2021** a copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT,** was filed electronically with the Clerk of the Court using the CM/ECF system. The parties may access this filing through the Court's electronic filing system, and notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

Edward Eshoo, Jr. (6190179)
Christina M. Phillips (6287091)
MERLIN LAW GROUP
181 W. Madison Street
Suite 3475
Chicago, Illinois 60602
Telephone: (312) 260-0806
Facsimile: (312) 260-0808
eeshoo@merlinlawgroup.com
cphillips@merlinlawgroup.com

                         /s/ *Wendy N. Enerson*
                              Wendy N. Enerson